UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JP Morgan Chase Bank, N.A., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-9-2520 |
| | § | |
| State Bank *et al.*, | § | |
| *Defendants*. | § | |

**Memorandum and Order**

Pending before the court are defendants Prosperity Bank's and Prosperity Bancshares, Inc.'s motions to dismiss (Dkts. 9, 10) and plaintiff JP Morgan Chase Bank, N.A.'s motion to dismiss defendants' counterclaims (Dkt. 12). After reviewing the motions, the responses, and the applicable law, defendants' motions to dismiss are DENIED and plaintiff's motion to dismiss is GRANTED.

**Background**

Plaintiff JP Morgan Chase Bank, N.A. ("JPMC") and defendant State Bank entered into an agreement for the sale of certain residential mortgage loans. *Id.* at 2. The agreement provided that State Bank would sell the loans to JPMC and would be obliged to repurchase or make whole amounts due on the loan under certain conditions, including situations in which State Bank breached a warranty, representation, or covenant. *Id.* at 2–3. State Bank has since been acquired by defendant Prosperity Bancshares, Inc.[1] *Id.* at 4.

State Bank sold JPMC multiple loans under this agreement, including sixteen (16) loans that are the subject of this suit. *Id.* at 3. JPMC states that these loans met the requirements for repurchase or make whole payments by State Bank. *Id.* Accordingly, JPMC made payment

---

[1] From the pleadings, it seems Prosperity Bank is an organization within Prosperity Bancshares, Inc.

demands to defendants for these loans, which were ignored. *Id.* at 4. JPMC filed this suit against defendants for breach of contract; breach of warranties, representations, and covenants; and breach of indemnification.[2] Dkt. 1. Prosperity Bank and Prosperity Bancshares assert they did not assume State Bank's obligations for these loans as part of the acquisition. Furthermore, State Bank endorsed all the loans in question to JPMC without recourse and JPMC accepted them on this basis. Dkts. 9, 10. Prosperity Bank and Prosperity Bancshares now move to dismiss the claims against them. *Id.* Additionally, they bring counterclaims for attorney's fees against JPMC. *Id.* JPMC, in turn, seeks to dismiss these counterclaims. Dkt. 12.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief

---

[2]State Bank was only recently served and is not a party to any of the motions discussed in this order.

above the speculative level." *Id.* at 1965 (supporting facts must be plausible—enough to raise a reasonable expectation). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974).

## I. Prosperity Bank's and Prosperity Bancshares's Motions to Dismiss

Prosperity Bank and Prosperity Bancshares urge the court to dismiss JPMC's claims against them for several reasons: (1) neither defendant ever sought or received written consent from JPMC to assume State Bank's obligations as required by the agreement and the acquisition of State Bank alone does not make them liable; (2) Chase underwrote the loans in question and, therefore, assumed the risk; and (3) JPMC issued a letter in relation to another loan (one not part of this suit) that demonstrates JPMC knew that it had no factual or legal basis for this lawsuit. Dkts. 9, 10. JPMC contends these issues, even if true, are not relevant to a motion to dismiss; they are arguments related to a motion for summary judgment, which is premature at this time as discovery has not even commenced in the case. Dkt. 11.

Taking the factual allegations in JPMC's complaint as true, the pleadings are sufficient to defeat a motion to dismiss. The compliant clearly articulates several claims for relief and sets out sufficient factual allegations to support these claims. In their motions, defendants do not negate any element of the claims nor otherwise show that JPMC fails to state a claim for relief. Rather, defendants argue that the claims should be dismissed against them because they are not liable for State Bank's obligations for a variety of legal reasons. While defendants may ultimately be correct that they will prevail, that is not the issue before the court today and their motions are therefore DENIED.

## II. JPMC's Motion to Dismiss Counterclaims

In their answers to the complaint, defendants also filed counterclaims against JPMC for attorney's fees under Texas Civil Practice and Remedies Code, chapters 9 and 10, and Federal Rule of Civil Procedure, Rule 11. Dkts. 7, 8. JPMC now moves to dismiss these counterclaims for failing to state a cognizable legal claim. Dkt. 12.

The case law is well settled that motions for sanctions are not independent causes of action. *See, e.g.*, *Port Drum Co. v. Umphrey*, 852 F.2d 148 (5th Cir. 1988) (Rule 11 of the Federal Rules of Civil Procedure is not an independent cause of action); *Mantri v. Bergman*, 153 S.W.3d 715, 718 (Tex. App.—Dallas 2005, *pet. denied*) (Rule 10 of the Texas Civil Practice & Remedied Code is not an independent cause of action). Defendants' counterclaims are nothing more than improperly pled motions for sanctions. Therefore, JPMC's motion to dismiss defendants' counterclaims is GRANTED.

### CONCLUSION

Defendants Prosperity Bank's and Prosperity Bancshares's motions to dismiss are DENIED and plaintiff JPMC's motion to dismiss counterclaims and GRANTED.

It is so ORDERED.

Signed at Houston, Texas on October 26, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY